**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDGAR MARTINEZ,

               Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 12-72743

Agency No. A094-314-637

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

    Edgar Martinez, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Petitioner's request for oral
argument is denied.

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, and de novo claims of due process violations.  *Singh v. Holder*, 638 F.3d 1264, 1268-69 (9th Cir. 2011).  We deny in part and dismiss in part the petition for review.

Our review is limited to the administrative record and thus we do not consider evidence included in the opening brief that was not part of the record before the agency.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The record does not compel the conclusion that Martinez established extraordinary circumstances to excuse his untimely filed asylum application.  *See* 8 C.F.R § 1208.4(a)(5); *Dhital v. Mukasey*, 532 F.3d 1044, 1049-50 (9th Cir. 2008).  Accordingly, his asylum claim fails.

Substantial evidence supports the BIA's finding that Martinez failed to establish that the harm he suffered in El Salvador from the El Diablo group had a nexus to a protected ground.  *See Navas v. INS*, 217 F.3d 646, 656 (9th Cir. 2000).  Thus, Martinez is not entitled to a presumption of future persecution.  *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002).  Further, substantial evidence supports the agency's finding that Martinez failed to demonstrate it is more likely than not he will be persecuted now in El Salvador, more than twenty years after he

left. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). We reject Martinez's contention that the agency based its decision on evidence that was not in the record. Thus, Martinez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Martinez failed to establish that it is more likely than not he will be tortured by or with the consent or acquiescence of a government official if he returns to El Salvador. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1188 (9th Cir. 2006).

Finally, we lack jurisdiction to consider Martinez's due process claim that the translation at his immigration hearing was inadequate, because he did not exhaust this contention before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to consider issues that have not been administratively exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**